Filed 3/13/23  P. v. Gutierrez CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARINA GUADALUPE GUTIERREZ,<br><br>    Defendant and Appellant. | B318518<br><br>Los Angeles County<br>Super. Ct. Nos.<br>VA145261,<br>VA145603 |

APPEALS from judgments of the Superior Court of Los Angeles County, Lee W. Tsao, Judge.  Affirmed.

Katharine Eileen Greenebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Marina Guadalupe Gutierrez appeals from her convictions, based on her pleas in negotiated dispositions, for second degree murder and assault with a deadly weapon. The trial court sentenced Gutierrez to 27 years to life in the state prison in accordance with the plea agreements. We affirm.

On May 29, 2017, Ronny Hodge was sitting in his truck outside a shoe store, waiting for his girlfriend who was shopping for shoes.[1] A woman later identified as Gutierrez "all of a sudden" "came out of nowhere." Gutierrez stood right outside Hodge's open driver's side window and asked him if he was waiting for someone. He replied, "Yeah, my wife." Gutierrez then stabbed Hodge in the chest with a knife. As she "pulled the knife out of [his] chest," she said, "I can't stand you niggers."

Gutierrez stabbed Hodge in both arms. Hodge managed to get over the console and out the passenger side door. Gutierrez stabbed him four more times in the legs. In all, Gutierrez stabbed Hodge eight times. Hodge stumbled into the shoe store, "hollered for [his] girlfriend," and told her to call the police and an ambulance.

About six weeks later, on July 15, 2017, Tania Guillen was at her cousin's house. Guillen was an acquaintance of Gutierrez. Gutierrez asked Guillen for a ride to Gutierrez's mother's house. As they were driving, Gutierrez had a conversation with her mother on Facetime. Guillen heard some reference to Gutierrez's boyfriend being at her mom's house.

---

[1]     As the parties resolved the case before trial, we take our facts from the transcript of the preliminary hearing.

2

When they arrived at the location, a man later identified as Samuel Isaac Jimenez got into the back seat of the car. Gutierrez and the man wanted a ride to a motel. At some point Gutierrez "asked [the man] for the gun." She asked about bullets. Guillen "definitely knew something was wrong." Guillen dropped Gutierrez and the man at a motel.

Upendra Joshi was working as a manager at the Oak Tree Inn that day. Joshi gave the key to room 103 to a woman who registered as "Marina."

That day, Jose Perez, a guest at the Oak Tree, was walking toward his car. A woman opened the door to a room "that was in front" and looked out and from side to side. As Perez continued to walk toward his car, he "heard like a gunshot." The same woman came out of the room, holding a black gun in her left hand. She put the gun in her shorts pocket, smiled at Perez, and walked quickly away. After she passed the motel office, she started running.

Joshi was in his office. A man from room 102 rang the bell to the office and "said somebody shot somebody something." Joshi gave the housekeeper a key to room 103. The housekeeper opened the door to the room "and came running back." She said there was "a person there who's like lying down asleep but there's a lot of blood." Someone called the police.

Officer Sam Houx went to the motel in response to a "[s]hots fired call." When he arrived, the door to room 103 was open. A man later identified as Jimenez was lying on the bed. Houx "secure[d] the scene" until homicide detectives arrived.

Later, police showed Perez some photographs. He was able to recognize the woman he'd seen that day.

The coroner observed a bullet hole right in front of Jimenez's left ear. The cause of death was a gunshot wound to the head.

In case VA145261, the People charged Gutierrez with attempted murder, elder abuse, and assault with a deadly weapon, a knife. The named victim in all three counts was Ronny Hodge. In case VA145603, the People charged Gutierrez with the murder of Samuel Jimenez. The People alleged that, in the commission of the offense, Gutierrez used and discharged a firearm causing Jimenez's death.

Gutierrez was arraigned in both cases on September 6, 2018. Both cases were continued a number of times between 2018 and 2021. On November 9, 2021, the court denied the People's motion to consolidate the two cases for trial. The court ordered case VA145603 would be tried first and case VA145261 would "follow."

On December 7, 2021, the day trial was to begin in case VA145603, Gutierrez entered into a plea agreement with the prosecution to resolve both cases. Gutierrez initialed and signed a *Tahl* waiver and plea form for each case.[2] She agreed to plead to second degree murder in case VA145603. The People moved to amend the information to allege a firearm enhancement under Penal Code section 12022.5, subdivision (a), rather than section 12022.53.[3] The agreed-upon sentence was 25 years to life, consisting of 15 years to life for the murder charge plus a 10-year determinate term for the firearm enhancement.

---

[2]     *In re Tahl* (1969) 1 Cal.3d 122.

[3]     References to statutes are to the Penal Code.

4

In case VA145261, Gutierrez agreed to plead to the third count, assault with a deadly weapon. The People moved to amend the information to add an allegation that Gutierrez personally inflicted great bodily injury on the victim under section 12022.7, subdivision (a). The agreed-upon sentence (eventually) was the low term of two years, consecutive to the sentence in case VA145603.[4]

On December 21, 2021, the court sentenced Gutierrez in both cases in accordance with the plea agreements.[5]

On February 2, 2022, Gutierrez signed a notice of appeal form listing both case numbers. Gutierrez checked box 2(a)(1), stating, "This appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea. (Cal. Rules of Court, rule 8.304(b).)" On March 22, 2022, the administrative presiding justice of this court issued an order

---

[4] At the time of the plea, the parties had agreed to a four-year sentence in case VA145261, consisting of one-third the midterm of three years (one year) plus three years for the great bodily injury enhancement. The court pointed out the enhancement—attached to a subordinate term—could be no more than one-third the midterm. The parties then agreed to a two-year sentence in the case (one-third the midterm for both the charge and the enhancement). When the parties returned for sentencing two weeks later, the court informed them that a determinate term consecutive to an indeterminate term must be a full term. The parties then agreed to the low term of two years for case VA145261.

[5] The court stayed the sentence on the great bodily injury enhancement. The court later struck—rather than stayed—the punishment for that allegation.

5

stating, "This appeal, initiated by the notice filed on February 17, 2022, is limited to issues that do not require a Certificate of Probable Cause."

We appointed counsel to represent Gutierrez on appeal. After examining "the entire record on appeal" and "discuss[ing] appellant's case in detail with trial counsel and the California Appellate Project attorney assisting [her]," counsel filed an opening brief raising no issues and asking this court "independently [to] review the entire record on appeal" under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel stated she had written to Gutierrez, "explaining [her] evaluation of the record on appeal and [her] intention to file this pleading." Counsel stated she would send Gutierrez the record on appeal and a copy of her brief, and she had informed Gutierrez of her right to file a supplemental brief.

On November 18, 2022, we sent Gutierrez a letter stating she could, within 30 days, submit a supplemental brief or letter presenting any contentions or arguments she wanted us to consider. We have not received any supplemental submission from Gutierrez.

We have conducted an independent review of the record and discern no arguable issues. We are satisfied Gutierrez's counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende, supra,* 25 Cal.3d at p. 441.)

**DISPOSITION**

The judgments are affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:


LAVIN, Acting P. J.


NGUYEN (KIM), J.*

---

\*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7